IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD SMITH, #M52307,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:21-cv-00689-SMY |
| ) | |
| **DANIAL MONTI,** ) | |
| **L.U. WALKER, and** ) | |
| **KAREN S. SMOOT,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Donald Smith, an inmate of the Illinois Department of Corrections currently incarcerated at Shawnee Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): In the early morning hours of September 11, 2019, Plaintiff fell out of a bottom bunk bed and injured himself on the property boxes that were stored under the bed. Because of the way the property boxes are stored in the cells at Shawnee, they stick out about 6-8 inches from the bed. The placement is dangerous and should be changed. Warden Monti and Warden Walker are responsible for the manner in which the property boxes are stored.

When Plaintiff fell, he injured his left thumb and big toe on his left foot. The nail bed was

torn on his thumb, there were lacerations, and the bone was protruding. A male nurse popped the bone back into place. The lacerations were very deep and needed stitches. The thumb and toe appeared to be fractured or broken. Karen Smoot refused to schedule an x-ray or stiches. Plaintiff requested a cane, crutches, cast, or brace, but Smoot also refused to provide any of those items. Plaintiff is diabetic, which affects the healing process. He did not receive any physical therapy for his injured thumb and toe. Because he did not receive proper treatment, his thumb and big toe healed improperly and he cannot bend them.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:   Eighth Amendment claim against Warden Monti and Warden Walker for unconstitutional conditions of confinement due to the dangerous placement of the property boxes in Plaintiff's cell.

Count 2:   Eighth Amendment claim against Smoot for exhibiting deliberate indifference to Plaintiff's serious medical needs related to the injuries he received when he fell on September 11, 2019.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Preliminary Dismissals**

Plaintiff asserts claims against each defendant in his or her individual and official capacities. When a plaintiff seeks monetary damages against a state official, he must bring suit against them in his or her individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). And, because a state official sued in his official capacity is not a "person" within the meaning of section 1983, an official capacity claim

against an individual is really a suite for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000). Accordingly, Plaintiff's claims against Defendants in their official capacities are dismissed without prejudice.

## Discussion

### Count 1

Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Two elements are required to establish a constitutional violation. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second element requires establishing a defendant's culpable state of mind; that is, deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Id.* at 842.

Plaintiff's allegations regarding the placement of the property boxes in his cell do not suggest an excessive risk to Plaintiff's health or safety. Nor do they suggest deliberate indifference by the wardens to a substantial risk of serious harm to Plaintiff. The placement of the property boxes is not a condition so grave that it deprives Plaintiff of the minimal civilized measures of life's necessities. *See Richard v. Illinois Dep't of Corr.*, No. 16-CV-00069-NJR, 2016 WL 2941210, at *5 (S.D. Ill. May 20, 2016) (collecting cases). Because Plaintiff fails to state an Eighth Amendment claim, Count 1 will be dismissed.

**Count 2**

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Plaintiff's allegations are sufficient to state a viable deliberate indifference claim in Count 2 against Smoot.

**Disposition**

Count 1, Danial Monti, and L.U. Walker are **DISMISSED without prejudice**; the Clerk of Court is **DIRECTED** to **TERMINATE** Monti and Walker as Defendants. Count 2 will proceed against Karen S. Smoot.

The Clerk shall prepare for Karen S. Smoot: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the

Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  July 19, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve the Defendant with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.