**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DONALD SMITH, #M52307, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )    Case No. 3:21-cv-00689-SMY |
| | ) |
| KAREN S. SMOOT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Donald Smith filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights at Shawnee Correctional Center.  Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Smith proceeds on an Eighth Amendment claim against Karen S. Smoot for exhibiting deliberate indifference to Smith's serious medical needs related to injuries from a fall on September 11, 2019.

This matter is now before the Court on Defendant Smoot's Motion for Summary Judgment (Doc. 29), which Smith opposes (Doc. 34).  For the following reasons, the motion is **GRANTED**.

## FACTS[1]

In September 2019, Smith was incarcerated at Shawnee Correctional Center (Doc. 1) and Smoot was the Health Care Unit Administrator ("HCUA") at Shawnee (Doc. 30-1, p. 1 at ¶ 1). Smith fell out of his bed onto property boxes injuring his left thumb and left foot on September 11, 2019 at approximately 4:00 a.m.  (Doc. 30-2 at 12:13-13:17).  He was taken to the healthcare unit and treated by medical staff at 4:25 a.m.  (*Id.* at 13:5-8; Doc. 30-3, p. 4, 10-11).

---

[1] The facts are undisputed unless otherwise noted.

According to Smith, his thumbnail was broken off, his thumb was "pointing out broke like that and a nurse popped it back into place without his permission, and "they" cut his nail, taped his wounds, and gave him naproxen and a tetanus shot. (*Id.* at 14:22-15:5, 17:3-10). The medical records note that Smith sustained a superficial laceration to his left great toe and his left thumbnail was bent backward with the nailbed exposed. (Doc. 30-3, pp. 5, 10).

Smith was seen at sick call on September 12, 2019 for injuries from the fall. (Doc. 30-3, p. 13). He testified that he saw Smoot in the healthcare unit that day and told her that he believed he had a broken toe and finger, but she refused to give him an x-ray, cane, or crutches. (Doc. 30-2 at 15:9-19).[2]

Smith filed a grievance on September 18, 2019 regarding the September 11, 2019 fall. (Doc. 30-4, pp. 3-4). He marked the nature of the grievance as "other" and wrote in "the way property boxes are set up under bottom bunk." (*Id.*, p. 3). The relief requested was for the warden to "change the way the property boxes are set up under the bottom bunk." (*Id.*).

In the summary of grievance, Smith stated that he believed he needed stitches, believed his finger and toe were fractured and that x-rays should have been taken. (*Id.*, pp. 3-4) He did not seek any relief regarding those assertions. (*Id.*). Smoot responded to the grievance in her capacity as the Health Care Unit Administrator ("HCUA") and noted that Smith was seen for his injuries in the healthcare unit on September 11, 2019, and at NPSC on September 12, 2019. (*Id.*, p. 8; Doc. 30-1, p. 2 at ¶ 5).

As the HCUA, Smoot was responsible for directing, coordinating, and reviewing the activities of the healthcare operations at Shawnee. (Doc. 30-1, p. 1 at ¶ 2). Only medical professionals were able to order a particular treatment for any offender. (*Id.* at ¶ 3). As the HCUA,

---

[2] Smith's belief that he saw Smoot is based on the fact that she responded to his grievance and he believes that when a grievance is filed, it is sent to the person responsible. (*Id.* at 16:6-15, 19:13-17, 20:7-21:12).

Smoot did not treat patients and was unable to provide patients with a diagnosis, treatment plan, and/or prescriptions. (*Id.*). Smoot did not treat Smith on September 12, 2019. (*Id.* at ¶ 4).

## **DISCUSSION**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing FED.R.CIV.P. 56(a)). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a summary judgment motion, the Court must view the evidence "in the light reasonably most favorable to the non-moving party, giving (him) the benefit of reasonable, favorable inferences, and resolving conflicts in the evidence in (his) favor." *Spaine v. Community Contacts, Inc*., 756 F.3d 542, 544 (7th Cir. 2014). However, the Court may not "assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence." *Stokes v. Board of Educ. of the City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010).

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To prevail on an Eighth Amendment claim of constitutionally-deficient medical care, a plaintiff must first establish that he had an objectively serious medical need, and then show that the defendant had knowledge of facts from which they could infer that a substantial risk of serious harm exists and disregarded that risk. *Id.* at 476.

"[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005). In other words, an individual may not be held liable under § 1983 on a theory of *respondeat superior* based on the unconstitutional conduct of a subordinate. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Personal involvement in a subordinate's constitutional violation requires supervisors to know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Id.* at 494 (internal quotation marks and citation omitted). "An allegation that the supervisor had knowledge of a deficiency is not, without more, enough to maintain an individual liability claim under § 1983." *Id.*

It is undisputed that Smoot was not directly involved in Smith's treatment or the treatment decisions on September 11 or 12, 2019. As such, she can only be liable if she was aware of deliberate indifference to Smith's serious medical needs and facilitated it, approved it, condoned it, or turned a blind eye to it.

"Deliberate indifference is more than negligence and approaches intentional wrongdoing." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation and quotation marks omitted). Inadvertent error, negligence, misdiagnosis, and ordinary malpractice do not constitute an Eighth Amendment violation. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Nor does the Eighth Amendment entitle inmates to "demand specific care" or "the best care possible" -- it requires only that "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Deliberate indifference may be found if a medical provider defendant ignored a request for treatment, substantially departed from accepted professional standards, persisted in an

4

ineffective course of treatment, or inexplicably delayed treatment. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016).

Based on the evidence in the record, Smith cannot show that Smoot was deliberately indifferent to his serious medical needs. Although he made some complaints about his medical treatment in the September 18, 2019 grievance, his complaints were nothing more than disagreement with his medical treatment. There was nothing in the grievance to alert Smoot to constitutionally deficient medical care. And Smoot's review of Smith's medical records for purposes of responding to the grievance reflected that Smith was seen by medical personnel, his injuries were treated, and medication had been issued for pain. On this record, Smoot is entitled to summary judgment.

## **DISPOSITION**

Defendant's Motion for Summary Judgment is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Karen S. Smoot and close this case.

**IT IS SO ORDERED.**

**DATED:  December 13, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**